# United States Court of Appeals for the Federal Circuit

---

**PARUS HOLDINGS, INC.,**
*Appellant*

**v.**

**GOOGLE LLC,**
*Appellee*

---

2022-1269, 2022-1270

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2020-00846, IPR2020-00847.

---

Decided: June 12, 2023

---

JOHN BRUCE CAMPBELL, McKool Smith, P.C., Austin, TX, argued for appellant. Also represented by JOEL LANCE THOLLANDER.

NATHAN R. SPEED, Wolf Greenfield & Sacks, PC, Boston, MA, argued for appellee. Also represented by GREGORY F. CORBETT, RICHARD GIUNTA, ELISABETH H. HUNT; GREGORY S. NIEBERG, New York, NY.

---

Before LOURIE, BRYSON, and REYNA, *Circuit Judges*.

LOURIE, *Circuit Judge*.

Parus Holdings, Inc. ("Parus") appeals from two final written decisions of the United States Patent and Trademark Office Patent Trial and Appeal Board ("the Board") holding claims 1, 2, 4–7, 10, 13, and 14 of U.S. Patent 7,076,431 ("the '431 patent") and claims 1, 2, 4–7, 10, and 14 of U.S. Patent 9,451,084 ("the '084 patent") unpatentable as obvious. *Parus Holdings, Inc. v. Google LLC*, IPR2020-00846, Paper 31 (P.T.A.B. Oct. 19, 2021) ("*Decision*"), J.A. 1–67; *Parus Holdings, Inc. v. Google LLC*, IPR2020-00847, Paper 31 (P.T.A.B. Oct. 19, 2021), J.A. 68–95.[1] For the reasons provided below, we affirm.

BACKGROUND

The challenged patents are directed to an interactive voice system that allows a user to request information from a voice web browser. '431 patent, Abstract. Their shared specification discloses two preferred embodiments: a voice-based web browser system and a voice-activated device controller. *See, e.g.*, '431 patent, col. 4 ll. 30–34, col. 17 ll. 36–46. Claim 1 of the '084 patent, reproduced below, is representative.

> 1. A system for acquiring information from one or more sources maintaining a listing of web sites by receiving speech commands uttered by users into a voice-enabled device and

---

[1] The two final written decisions in the *inter partes* reviews ("IPRs") consolidated on appeal are largely similar for the purposes of this appeal. The decision in *Parus Holdings, Inc. v. Google LLC*, IPR2020-00846, Paper 31 (P.T.A.B. Oct. 19, 2021), J.A. 1–67 is cited throughout as representative of both decisions unless specified otherwise. Because the challenged patents share a specification, citations of the '431 patent specification are likewise representative, unless otherwise stated.

> for providing information retrieved from the web sites to the users in an audio form via the voice-enabled device, the system comprising:
>
> . . .
>
> the computing device further configured to access at least one of the plurality of web sites identified by the instruction set to obtain the information to be retrieved, *wherein the computing device is further configured to periodically search via the one or more networks to identify new web sites and to add the new web sites to the plurality of web sites*, the computing device configured to access a first web site of the plurality of web sites and, if the information to be retrieved is not found at the first web site, the computer configured to access the plurality of web sites remaining in an order defined for accessing the listing of web sites until the information to be retrieved is found in at least one of the plurality of web sites or until the plurality of web sites have been accessed;
>
> . . . .

’084 patent, col. 24 ll. 2–59 (emphasis added). The challenged patents are continuations of and claim priority from an application filed on February 4, 2000, which eventually was published as U.S. Published Patent Application 2001/0047262 (“Kurganov-262”). Appellant’s Br. at 16. Kurganov-262 and the challenged patents share a specification. *Id.*

Google LLC, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., LG Electronics Inc., and LG Electronics USA, Inc. (collectively, “Appellees”) petitioned for *inter partes* review of the ’431 and ’084 patents, asserting that the challenged claims would have been obvious

based on a number of asserted prior art references, including WO 01/050453 to Kovatch ("Kovatch") and Kurganov-262 under pre-AIA 35 U.S.C. § 103(a).

The parties disputed whether or not Kovatch qualified as prior art to the challenged patents. Kovatch was filed on July 12, 2001 and had an earliest possible priority date of January 4, 2000. J.A. 1827. Parus argued that Kovatch was not prior art because the claimed inventions had been conceived at least by July 12, 1999, and reduced to practice at least by December 31, 1999, prior to Kovatch's earliest priority date. To the extent that the Board found that the invention had not been reduced to practice prior to that date, Parus argued that the inventors had diligently worked on reducing it to practice until then. In support of its contentions, Parus submitted approximately 40 exhibits totaling 1,300 pages, in addition to claim charts exceeding 100 pages. Appellant's Br. at 15. However, despite submitting that material as record evidence, Parus only minimally cited small portions of that material in its briefs without meaningful explanation. *See, e.g.*, J.A. 1333–36 (Patent Owner Response), J.A. 1435–41 (Patent Owner Sur-Reply).

The Board declined to consider Parus's arguments and evidence that the challenged patents were conceived and reduced to practice prior to Kovatch's priority date because it found that Parus had failed to comply with 37 C.F.R. § 42.6(a)(3), which prohibits incorporation by reference. Specifically, the Board found that

> Patent Owner has not presented its arguments regarding prior conception and reduction to practice in its Response or Sur-reply; rather, Patent Owner presents its arguments in several declarations and improperly incorporates those arguments by reference into its Response and Sur-reply, in violation of Rule 42.6(a)(3).

*Decision*, J.A. 16. The Board noted that Parus did not provide any "meaningful explanation in the Response," *id.* at J.A. 13, did "not cite [] any [] evidence or testimony with specificity," *id.* at 13–14, and did "not explain the basis for [its] conclusion or cite [] any evidence to support it," *id.* at 14. The Board therefore concluded that Parus had failed to meet its burden of production and that Kovach was prior art to the challenged patents.

Appellees also argued that Kurganov-262, the publication of the application from which the challenged patents claim priority, is prior art because the common specification failed to provide written description support for all the challenged claims of the '084 patent and claim 9 of the '431 patent. According to Appellees, those claims were not entitled to the earlier effective filing date. Parus responded that the claims were fully described in Kurganov-262 and therefore entitled to its February 4, 2000 priority date.

The Board found that the evidence demonstrated that the challenged claims were not entitled to the February 4, 2000 priority date and Kurganov-262 therefore qualified as prior art. Specifically, the Board found that the claim limitations requiring a computing device "configured to periodically search via one or more networks to identify new web sites and to add the new web sites to the plurality of web sites" were not supported by the earlier application. *Decision*, J.A. 58. The Board did not dispute that the common specification disclosed a device browsing server that operated similarly to the web browsing server, and that the device browsing server could detect and incorporate new devices. *Id.* at J.A. 59–61 (citing '431 patent at col. 17 ll. 59–62, col. 19 ll. 19–28). But the Board concluded that that teaching was inapplicable to the web browsing server because the specification "indicates that the devices 'appear as "web sites"' connected to the network," but were not "web sites," and the teachings were not interchangeable. *See id.* (citing '431 patent at col. 17 ll. 50–52).

After concluding that both Kurganov-262 and Kovatch qualified as prior art, the Board held the challenged claims unpatentable as obvious. Parus appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

Parus raises two main arguments on appeal: (1) that the Board erred in holding that Kovatch qualified as prior art because it improperly declined to consider Parus's arguments and evidence regarding antedating, and (2) that the Board erred in holding that the challenged claims lack written description support and were therefore not entitled to their earlier priority date. We address each in turn.

### I

We must set aside any agency action found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." 5 U.S.C. § 706(2). We review "de novo whether the Board's procedures satisfy the [Administrative Procedure Act]." *FanDuel, Inc. v. Interactive Games LLC*, 966 F.3d 1334, 1339 (Fed. Cir. 2020). When the Board finds a failure to comply with its own procedures, such decision is reviewed for an abuse of discretion, *Intelligent Bio-Systems, Inc. v. Illumina Cambridge Ltd.*, 821 F.3d 1359, 1367 (Fed. Cir. 2016), which occurs when the Board's decision "is clearly unreasonable, arbitrary, or fanciful," *Bilstad v. Wakalopulos*, 386 F.3d 1116, 1121 (Fed. Cir. 2004).

35 U.S.C. § 316(a)(8) requires the United States Patent and Trademark Office ("USPTO") to promulgate rules governing patent owners' submission of evidence. Pursuant to that statutory mandate, the USPTO issued regulations setting various restrictions and requirements on briefs submitted during IPRs. One of those regulations, 37 C.F.R. § 42.6(a)(3), provides that, "Arguments must not be incorporated by reference from one document into another document." Because the Board found that Parus failed to

comply with that regulation, it declined to consider Parus' arguments and evidence on antedating.

On appeal, Parus does not dispute that it incorporated arguments by reference and therefore violated 37 C.F.R. § 42.6(a)(3). For that reason alone, the Board's disregarding of Parus's arguments found to be in violation of the rule cannot be an abuse of discretion. But Parus argues that the Board's refusal to consider *evidence* of antedating is not in accordance with the law. Specifically, Parus argues that the Board erred in declining to consider its evidence of antedating, despite its antedating argument being incorporated by reference, because such an action (a) is a violation of the Administrative Procedure Act ("APA"), (b) improperly placed a burden of persuasion on the patent owner, and (c) conflicts with statutes and regulations governing IPRs. These contentions boil down to two main arguments: (1) that Parus need not have submitted briefs pointing to and explaining the relevant record evidence, and (2) that the Board needed to have considered all record evidence, regardless of the manner of presentation. We disagree for the reasons provided below.

Parus first argues that the governing IPR statutory and regulatory provisions require specific and persuasive attorney argument *only from the petitioner*, and not the patent owner. *Compare* 35 U.S.C. § 312 (requiring that a petition "identifies, in writing and with particularity, each claim challenged, the grounds on which the challenge to each claim is based, and the evidence that supports the grounds for the challenge to each claim"), *with id.* § 313 (with no such requirement for preliminary responses to a petition). Parus also points out that patent owners are not required to file a response, citing 37 C.F.R. § 42.120(a).

It is true that patent owners have no requirement to respond to petitions. However, here, Parus chose to take on an affirmative burden to show that it was the first to make its claimed inventions. Once Parus chose to submit

a response and assume that burden, it bore the responsibilities that came with it—including submitting a response that complied with the rules and regulations of the USPTO. And that includes not incorporating material by reference pursuant to 37 C.F.R. § 42.6(a)(3) and the inclusion of "a detailed explanation of the significance of the evidence including material facts" pursuant to 37 C.F.R. § 42.44.[2] *See also* 37 C.F.R. §§ 42.23(a), 42.120.

Parus next argues that requiring it to include arguments relating to antedating in its briefs improperly placed a burden of persuasion on the patent owner. Parus notes that it was Appellees who bore the burden to prove that Kovatch was prior art; Parus only bore a burden of production, which it claims it fulfilled. Parus is correct that, in an IPR, the petitioner bears the ultimate burden of persuasion on invalidity, which never shifts to the patent owner. *Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, 800 F.3d 1375, 1378 (Fed. Cir. 2015). However, when a patent owner attempts to antedate an asserted prior art reference, the patent owner assumes a temporary burden of production. *Id.* at 1378–79; *see also In re Magnum Oil Tools Int'l, Ltd.*, 829 F.3d 1364, 1376 (Fed. Cir. 2016) ("[A] patentee bears the burden of establishing that its claimed invention is entitled to an earlier priority date than an asserted prior art reference.").

The burden of production cannot be met simply by throwing mountains of evidence at the Board without explanation or identification of the relevant portions of that evidence. One cannot reasonably expect the Board to sift through hundreds of documents, thousands of pages, to find the relevant facts. As the Seventh Circuit articulated

---

[2] Although the Board did not explicitly cite 37 C.F.R. § 42.44, it faulted Parus for not including a "detailed explanation of the evidence," just as that rule requires. *Decision*, J.A. 21.

in *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991), "Judges are not like pigs, hunting for truffles buried in briefs." We echoed that refrain in *General Access Solutions, Ltd. v. Sprint Spectrum L.P.*, 811 F. App'x 654, 657 (Fed. Cir. 2020) (unpublished), explaining that the Board should not be forced to "play arch[a]eologist with the record." *See also DeSilva v. DiLeonardi*, 181 F.3d 865, 866–67 (7th Cir. 1999) ("A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record."). The burden of production cannot be met without some combination of citing the relevant record evidence with specificity and explaining the significance of the produced material in briefs. Here, Parus did neither.

As we explained in *General Access*, there are compelling reasons why these USPTO regulations exist. In that case, as here, the patent owner attempted to incorporate by reference a lengthy claim chart allegedly evidencing conception of the challenged claims. *General Access*, 811 F. App'x at 656 n.1. We upheld the Board's decision finding that the conclusory assertions in the Patent Owner Response were insufficient to meet the Patent Owner's burden of establishing prior conception. *Id.* at 658. In so doing, we found that the "prohibition against incorporation of arguments from other documents serves various policy goals, including to 'minimize the chance that an argument may be overlooked' and to 'eliminate[] abuses that arise from incorporation and combination.'" *Id.* at 657 (quoting Rules of Practice for Trials Before the Patent Trial and Appeal Board and Judicial Review of Patent Trial and Appeal Board Decisions, 77 Fed. Reg. 48,612, 48,617 (Aug. 14, 2012)). *See also DeSilva*, 181 F.3d at 866–67 (Incorporation "by reference amounts to a self-help increase in the length of the [] brief," and "is a pointless imposition on the court's time."). Further, Parus's suggestion that patent owners need only submit evidence—regardless how voluminous or argumentative—would eviscerate all page limits

for patent owners while maintaining restrictions on petitioners. *See* 37 C.F.R. § 42.24.

Parus further argues that, according to our decision in *Aqua Products v. Matal*, 872 F.3d 1290, 1325 (Fed. Cir. 2017) (en banc), the APA requires the Board to review "*the entirety* of the record," and that obligation cannot be obviated by rule or regulation. However, Parus's argument is misplaced. *Aqua Products* stands for the principle that the Board must decide all issues properly before it, even if they are contrary to its result. Nothing in *Aqua Products* mandates that the Board review evidence and issues introduced by a party in violation of its rules or not introduced at all. *See Hunting Titan, Inc. v. DynaEnergetics Europe GmbH*, 28 F.4th 1371, 1381 (Fed. Cir. 2022) (explaining that *Aqua Products* does not place on the Board "an affirmative duty, without limitation or exception, to sua sponte raise patentability challenges to a proposed substitute claim," even if based on record evidence); *Magnum Oil*, 829 F.3d at 1381 ("[T]he Board must base its decision on arguments that were advanced by a party, and to which the opposing party was given a chance to respond."). Just as a district court has the power to strike or not consider submissions that exceed its page limits, are untimely filed, or otherwise do not comply with its orders and rules, so too does the Board. *See, e.g.*, *Belden Inc. v. Berk-Tek LLC*, 805 F.3d 1064, 1081 (Fed. Cir. 2015) (explaining that "the Board's rules and practices establish standards bearing similarities to those often applied in district-court litigation" and that the Board "has broad discretion to regulate the presentation of evidence").

And Parus was not without recourse. Parus had almost 3,000 unused words in its Patent Owner Response. J.A. 1355. Moreover, if Parus had needed more room to explain its position, it could have sought leave to exceed its word count under 37 C.F.R. § 42.24(a)(2) or reallocated more of its briefs to that argument. Parus chose not to use the avenues available to it.

Because we do not find the Board's decision to disregard Parus's alleged evidence and argument of antedating to be a violation of the APA or any other provision of law, we affirm the Board's holding that Kovatch qualifies as prior art to the challenged patents under 35 U.S.C. § 103(a). Because Parus does not otherwise challenge the Board's holding of obviousness based on Kovatch in combination with other references, we likewise affirm the Board's holding that Appellees demonstrated by a preponderance of the evidence that claims 1, 2, 4–7, 9, 10, 13, and 14 of the '431 patent are unpatentable.

## II

For a claim to be entitled to the "the filing date of an earlier application under 35 U.S.C. § 120, each application in the chain leading back to the earlier application must comply with the written description requirement of 35 U.S.C. § 112." *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1571 (Fed. Cir. 1997). Each application in the chain must therefore "reasonably convey[] to those skilled in the art that the inventor had possession of the [later-claimed] subject matter as of the filing date." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc). "Sufficiency of written description is a question of fact, reviewed for substantial evidence." *Gen. Hosp. Corp. v. Sienna Biopharms., Inc.*, 888 F.3d 1368, 1371 (Fed. Cir. 2018).

Parus argues that (a) the Board's determinations regarding written description exceeded its statutory authority under 35 U.S.C. § 311(b), and (b) that the Board erred in finding that the challenged claims did not have sufficient written description support to entitle them to an earlier priority date. We address each argument in turn.

### A

Parus first argues that the Board's determinations regarding the written description requirement of 35 U.S.C.

§ 112 exceeded its statutory authority under 35 U.S.C. § 311(b), which limits the scope of IPRs to the cancellation of claims based "only on a ground that could be raised under section 102 or 103." Appellees respond that Parus waived that argument by only raising it in its Preliminary Response, and not its Response, and even if not waived, its argument is foreclosed by our decision in *Arthrex Inc. v. Smith & Nephew, Inc.*, 35 F.4th 1328 (Fed. Cir. 2022). We agree with Appellees on both points.

By raising an argument in its Preliminary Response, but not its Response, a patent owner waives said argument. *In re NuVasive, Inc.*, 842 F.3d 1376, 1380 (Fed. Cir. 2016). Even if Parus had not waived such argument, it is without merit. As we decided in *Arthrex*, § 311(b) "merely dictates the grounds on which an IPR petition may be based, not the issues that the Board may consider to resolve those grounds." 35 F.4th at 1344–45. As in that case, Appellees complied with § 311(b) by asserting invalidity grounds under § 103. Because Parus asserted that Kurnagov-262 is not prior art by claiming priority from the application from which it stems, the Board needed to determine whether the challenged claims satisfied the written description requirement. The Board therefore did not exceed its statutory authority.

B

Parus argues that the challenged claims have sufficient written description support and are therefore entitled to their earlier priority date. The Board and the parties agree that the specification discloses two preferred embodiments: one involving networked "web sites," the other involving networked "devices." *See, e.g.*, '431 patent at col. 4 ll. 30–34, col. 17 ll. 36–46. The specification further teaches that the device browsing embodiment "provides the same robustness and reliability features described in the first embodiment," including the ability to detect "new devices" and mark them "as being . . . new" in the system. *Id.*, col.

19 ll. 10–19. Parus argues that, as demonstrated by expert testimony, a person of ordinary skill in the art would have understood the teachings of the second embodiment to be applicable to the first embodiment. Appellees argue that, as the Board found, the first embodiment relates to actual web sites but does not add "new web sites," whereas the second embodiment relates to adding "new devices," which may "appear as 'websites'" but are not web sites, and that these teachings may not be combined. *Decision*, J.A. 58–61.

We agree with Appellees that the Board's determination that "configured to periodically search via one or more networks to identify new web sites and to add the new web sites to the plurality of web sites" lacks written description support is supported by substantial evidence. Parus's arguments amount to a request for us to reweigh the evidence already considered by the Board, which we decline to do. "A finding is supported by substantial evidence if a reasonable mind might accept the evidence as adequate to support the finding." *Henny Penny Corp. v. Frymaster, LLC*, 938 F.3d 1324, 1330 (Fed. Cir. 2019). That the Board gave more credit to one expert witness than another is not grounds for reversal. The Board's finding was not an unreasonable assessment of the evidence before it, particularly in light of the plain text of the specification itself.

Because we hold that (a) the Board did not exceed its statutory authority and (b) its finding that the challenged claims were not entitled to their earlier priority date was supported by substantial evidence, we affirm the Board's holding that Kurganov-262 qualifies as prior art to the challenged patents under 35 U.S.C. § 103(a). Because Parus does not otherwise challenge the Board's holding of obviousness based on Kurganov-262 in combination with other references, we likewise affirm the Board's holding that Appellees demonstrated by a preponderance of the evidence that claim 9 of the '431 patent and claims 1, 2, 4–7, 10, and 14 of the '084 patent are unpatentable.

## CONCLUSION

We have considered Parus's remaining arguments but find them unpersuasive. For the foregoing reasons, the decisions of the Board are affirmed.

**AFFIRMED**